UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARAY DONELL LEVINE,

    Petitioner,

v.                                          Case No. 3:25-cv-1323-TKW-MJF

RICKY DDIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Aray Levine has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 6. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 11. Levine opposes the motion. Doc. 15. The undersigned concludes that no evidentiary hearing is required, and that the District Court should dismiss Levine's petition because it is time-barred.

### BACKGROUND

In Escambia County Circuit Court Case No. 2016-CF-2655, Levine was convicted of six crimes: robbery armed with a firearm (Count 1), theft from a person 65 years of age or older (Count 2), aggravated battery while actually possessing a firearm (Count 4), two counts of aggravated assault

by threat with a firearm (Counts 5 & 6), and grand theft auto (Count 7). Doc. 11-2, Ex. 6.[1] On May 2, 2017, the trial court orally pronounced sentence. Ex. 5. On May 8, 2017, the trial court filed its written judgment and sentence "NUNC PRO TUNC to May 2, 2017." Ex. 6. The written sentence misstated the sentence on Count 7 as fifteen years of imprisonment rather than the five years of imprisonment the trial court orally pronounced. On July 25, 2018, the Florida First District Court of Appeal ("First DCA") affirmed without opinion. *Levine v. State*, 250 So. 3d 11 (Fla. 1st DCA 2018) (per curiam) (Table) (copy at Ex. 12).

On August 31, 2018, Levine filed a *pro se* motion to reduce or modify sentence under Florida Rule of Criminal Procedure 3.800(c). Ex. 14. The state circuit court denied the motion on September 25, 2018. Ex. 15. Levine did not appeal. *See* Ex. 1.

On October 4, 2018, Levine filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Ex. 16. The state circuit court denied the motion. Ex. 19. The First DCA per curiam affirmed, citing *Miller v. State*, 265 So. 3d 457 (Fla. 2018). *See Levine v.*

---

[1] Citations to the state-court record are to the exhibits attached to the State's motion to dismiss, Doc. 11-2.

*State*, 327 So. 3d 871 (Fla. 1st DCA Aug. 31, 2021) (copy at Ex. 24). On February 11, 2022, the Supreme Court of Florida declined to accept jurisdiction. *Levine v. State*, 2022 WL 41400 (Fla. 2022) (copy at Ex. 30).

On October 21, 2020, Levine filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Exs. 31 & 33. The state circuit court denied the motion. Ex. 34. The First DCA per curiam affirmed without opinion. *Levine v. State*, 331 So. 3d 124 (Fla. 1st DCA Dec. 16, 2021) (Table) (copy at Ex. 37). The mandate issued January 14, 2022. Ex. 38.

On March 8, 2022, Levine filed a second *pro se* motion under Rule 3.800(a). Ex. 42. The state circuit court denied the motion as successive, frivolous, and an abuse of process. Ex. 43. On appeal, the First DCA ruled:

> Appellant appeals of an order dismissing his rule 3.800(a) motion to correct illegal sentence.
>
> The written sentence included fifteen years' imprisonment for grand theft of a motor vehicle on Count VII. Pursuant to section 812.014(2)(c)6, Florida Statutes, that offense is a third-degree felony ordinarily punishable by up to five years in prison. Based on the record before this Court, the fifteen-year sentence appears to be illegal. We remand for the circuit court to reconsider Appellant's claim as to the legality of the Count VII sentence. In all other respects, we affirm the circuit court's order.

AFFIRMED in part, REVERSED in part, and REMANDED.

*Levine v. State*, 366 So. 3d 1206, 1207 (Fla. 1st DCA 2023) (copy at Ex. 47).

On remand, the state circuit court entered an order on August 28, 2023, finding that the written sentence of fifteen years of imprisonment on Count Seven was a scrivener's error because the trial court orally imposed a sentence of five years of imprisonment. Ex. 49. The circuit court directed the clerk to correct the written sentence to conform to the oral pronouncement. *Id*. An amended judgment and sentence was filed on December 13, 2024, "NUNC PRO TUNC to May 2, 2017." Ex. 50 at 11. That amended judgment and sentence incorrectly indicated that the Count Four sentence was concurrent with Count One. *Id*. at 5. Thus, a second amended judgment and sentence was filed on April 14, 2025, "NUNC PRO TUNC to May 2, 2017", correcting that error to conform the Count Four sentence to the original oral pronouncement that the sentence was consecutive to Count One. Ex. 52.

Levine filed his initial federal habeas petition on August 7, 2025, which he later amended. Docs. 1 & 6. Levine's amended petition raises one claim—trial counsel was ineffective for failing to object to a

sentencing error (the error Levine alleged in his first Rule 3.800(a) motion). Doc. 6 at 8–13. The State asserts that Levine's petition must be dismissed because it is barred by the one-year statute of limitations in 28 U.S.C. § 2244. Doc. 11.

## DISCUSSION

**A.     The Federal Habeas Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Levine's § 2254 petition, because the petition was filed after AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

**B.   The Statute of Limitations Is Measured From the Date Levine's 2017 Judgment Became Final**

Levine does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Levine's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed Levine's 2017 judgment on July 25, 2018. Levine did not seek further direct review in the United States Supreme Court. Thus, Levine's judgment became "final" for purposes of 2244(d)(1)(A), on October 23, 2018, when the 90-day period to file a

certiorari petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

C. **The State Court's Nunc Pro Tunc Corrections to the Written Sentence Did Not Restart the One-Year Clock**

The state court amended the written sentence on December 13, 2024, and again on April 14, 2025. That raises the question of whether either amended written sentence created a new judgment for purposes of § 2244.

As previously discussed, each amended written sentence corrected a scrivener's error to conform the written sentence to the oral pronouncement of that sentence. The state court issued the amended written sentences *nunc pro tunc* to the date of the original judgment and sentence, which was May 2, 2017. Both of the *nunc pro tunc* designations related back to Levine's original judgment and, therefore, the federal clock for the one-year limitations period did not reset. *Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1341–42 (11th Cir. 2024) (state court's designation of amended sentence as *nunc pro tunc* related back to the date of the original judgment and was not a new judgment for purposes of § 2244(d)); *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1267 (11th Cir. 2020) (same).

## D. Levine's Petition Is Untimely

The federal habeas limitations period began to run on October 24, 2018. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). The limitations period immediately was tolled, however, due to the pendency of Levine's first Rule 3.800(a) motion filed on October 4, 2018. *See* 28 U.S.C. § 2244(d)(2). As a result of the filing of that Rule 3.800(a) motion, the limitations period was statutorily tolled until February 11, 2022 (the date the Florida Supreme Court declined to accept jurisdiction).[2]

The limitations period started running on February 12, 2022, and ran for 24 days until Levine filed his second Rule 3.800(a) motion on March 8, 2022. As a result of the filing of that motion, the limitations period was statutorily tolled from March 8, 2022 (the date the motion was filed) until September 27, 2023 (the date the 30-day period to appeal from the circuit court's August 28, 2023 order expired). *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1384 (11th Cir. 2006) (a state postconviction

---

[2] Levine's Rule 3.800(c) motion had no effect on the limitations period, because it was filed before Levine's conviction became final, and concluded while Levine's first Rule 3.800(a) motion was pending. Levine's Rule 3.850 motion had no effect on the limitations period, because it was filed and concluded while Levine's first Rule 3.800(a) motion was pending.

Page 8 of 12

motion remains "pending" for purposes of § 2244(d)(2), for the time during which the petitioner could have appealed from the trial court's ruling, even if the petitioner did not seek appellate review).

The federal habeas limitations period began to run one day later, on September 28, 2023, and expired 341 days later on September 3, 2024.[3] Levine's federal habeas petition, filed on August 7, 2025, is untimely by eleven months.

### E. Levine's Untimely Petition Should Be Dismissed

Levine argues that his untimely petition qualifies for the *Martinez* exception for excusing a procedural default. Doc. 15 at 5 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)). Levine's reliance on *Martinez* is misplaced. "[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

Levine's additional allegations that he will be prejudiced if the court does not consider his claim on the merits does not qualify Levine for

---

[3] The 341st day fell on September 2, 2024, which was a legal holiday. Thus, Levine had until the following day, September 3, 2024, to file his federal petition. *See* Fed. R. Civ. P. 6(a).

equitable tolling or any other exception to the limitations bar. *See* Doc. 15 at 3–9.

Levine's untimely petition, therefore, must be dismissed.

### A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

"Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation, the relevant party shall file such an objection with the District Court.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Respondent's motion to dismiss, Doc. 11.

2. **DISMISS with prejudice** Petitioner's amended habeas corpus petition, Doc. 6, because it is time-barred.

3. **DENY** a certificate of appealability.

4. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this <u>6th</u> day of February, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**